UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCUST GROUP, LLC, <br><br>                              Plaintiff, <br><br>      -against- <br><br> JMBT LIVE, INC., MICHAEL RUSSELL, and DOES 1 through 10, inclusive. <br><br>                              Defendants. | 23-CV-04203-LTS |

<u>MEMORANDUM ORDER</u>

Locust Group, LLC ("Plaintiff") brings this action against JMBT Live, Inc., its co-founder and President, Michael Russell, and John Doe Defendants 1 through 10 (collectively, "Defendants") alleging fraud against all Defendants and breach of fiduciary duty against Defendant Russell, in his individual capacity. (Docket entry no. 1 (the "Complaint").) Plaintiff asserts the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1332.

Before the Court is the Defendants' motion to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and <u>forum non conveniens</u>. (Docket entry no. 22 (the "Motion").) The Court has considered the parties' submissions carefully and, for the following reasons, dismiss the Complaint in its entirety for lack of subject matter jurisdiction.

<u>BACKGROUND</u>

Unless otherwise indicated, the following allegations are taken from the Complaint and are presumed true for the purposes of this motion.

Defendants are JMBT live, Inc. ("JMBT"), Michael Russell, the co-founder, President, and CEO of JMBT, and John Doe Defendants comprising of unknown officers, principals, agents, affiliates, directors, alter-egos, and/or employees of JMBT. (Complaint ¶¶ 4-

7.) Around February 2022, Defendants solicited seed financing from investors to fund "the development of its early-stage social media and entertainment platform called 'Tilt.'" (Id. ¶ 8.) Around February 22, 2022, Plaintiff entered into a "Convertible Promissory Note" with Defendants, wherein Plaintiff agreed to lend JMBT $560,000 with "specified rights to convert the amount of principal and interest . . . into equity in JMBT." (Id. ¶ 9.) Plaintiff did just that on April 13, 2022, when the parties entered into a "series Seed Preferred Stock Purchase Agreement" and Plaintiff converted the total amount of outstanding principal and interest on the loan into 1,075,561 shares in JMBT. (Id. ¶ 10.)

One month later, Russell sent an email to shareholders wherein he represented that JMBT had secured contracts with various celebrities and was reviewing various other contracts and deal terms with additional celebrities. (Id. ¶ 11.) Russell sent similar emails on July 23, 2022 (id. ¶ 12), November 2022 and December 2022 (id. ¶13), all of which purported to provide further updates on JMBT's efforts to secure contracts with prospective content partners.

Plaintiff alleges, on information and belief, that Russell misrepresented the status of some of the contract negotiations in those emails. (Id. ¶¶14-16.) Plaintiff does not plead which specific statements were allegedly false or any consequences that derived from those alleged misrepresentations.

DISCUSSION

"[S]ubject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power." E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted). An action must be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. Fed. R. Civ. P. 12(b)(1); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff

asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.  When determining a motion to dismiss an action for lack of subject matter jurisdiction, the Court must accept all factual allegations pled in the Complaint as true. Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006).  However, merely conclusory assertions are "not entitled to the presumption of truth." Wood v. Maguire Auto., LLC, 508 F. App'x 65, 65 (2d Cir. 2013).

The subject matter jurisdiction of federal courts is limited and set forth generally in 28 U.S.C. sections 1331 and 1332.  Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is present or when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Plaintiff pleads two state law claims and asserts that the Court has diversity jurisdiction of this action.  Plaintiff has adequately plead facts demonstrating that the parties are citizen of different states.  (Complaint ¶¶ 3-5.)  However, Plaintiff has failed to plead facts sufficient to demonstrate that its claim meets the minimal jurisdictional requirement, and thus this action must be dismissed.

Federal diversity jurisdiction requires an amount in controversy over $75,000.  28 U.S.C. § 1332.  "This amount is measured at the time the complaint is filed and is established by the face of the complaint and the dollar amount actually claimed." Lapaglia Transamerica Cas. Ins. Co., 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (citing Hall v. EarthLink Network, Inc., 396 F.3d 500, 506 (2d Cir. 2005)).  Ordinarily, a Complaint that pleads that "the amount in controversy exceeds $75,000 creates 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" Wood, 508 F. App'x at 65. However, "[t]he amount in controversy must be non-speculative to satisfy the [jurisdictional

requirement], and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." Trisvan v. Regal Ent. Grp., No. 21-CV-0187-MKB, 2021 WL 3145932, at *6 (E.D.N.Y. July 26, 2021) (citing Valente v. Garrison from Harrison LLC, No. 15-CV-6522-DLI-MDG, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.")).  Here, Locust Group pleads that it has "suffered damages in an amount according to proof at trial, but in any event no less than $75,000."  (Complaint ¶ 24.)  Plaintiff provides no additional factual allegations to explain what damages are contemplated by that calculation or how those damages plausibly exceed $75,000.  The Complaint is entirely devoid of any kind of factual assertion sufficient to satisfy the jurisdictional requirement.  For example, nowhere in the threadbare Complaint does the Plaintiff allege that it suffered out-of-pocket damages, that it lost money on its investment because of, or was enticed into any action or inaction on the basis of, the alleged misrepresentations, or that it was in any other way materially harmed by the Defendants' alleged misrepresentations.  The Court is not required to presume that the bare allegations in Locust Group's Complaint are a good faith representation of the actual amount in controversy.  Suarez v. Capital One Bank NA/FC, No. 22-CV-0568-LTS, 2022 WL 672084, at *3 (S.D.N.Y. Mar. 7, 2022).

        Therefore, the Court finds that Plaintiff has failed to provide facts plausibly suggesting that the amount in controversy exceeds $75,000 and must dismiss this action for lack of subject matter jurisdiction.

LEAVE TO FILE MOTION TO AMEND

Plaintiff has requested leave to replead in the event the Complaint is dismissed. (Docket entry no. 25 ("Pl. Mem.") at 10.) "'Leave to amend, though liberally granted, may properly be denied' for 'repeated failure to cure deficiencies by amendments previously allowed' or 'futility of amendment,' among other reasons." Bischoff v. Albertsons Co., No. 22-CV-4961-CS, 2023 WL 4187494, at *7 (S.D.N.Y. June 26, 2023) (quoting Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008)). However, where a complaint is dismissed for a lack of subject matter jurisdiction, that dismissal should generally be without prejudice. Carter v. HealthPort Tech., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016). There is a particularly strong preference for allowing amendment when "the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading." Allianz Glob. Invs. GmbH v. Bank of Am. Corp., 473 F. Supp. 3d 361, 365 (S.D.N.Y. 2020); see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."). Therefore, Plaintiff is granted leave to file a motion to amend, tendering a proposed amended complaint that fulfills the requirements of subject matter jurisdiction discussed above.

CONCLUSION

For the foregoing reasons, the Complaint is dismissed in its entirety for lack of subject matter jurisdiction. Plaintiff may file a motion for leave to file an Amended Complaint that satisfies the requirements of subject matter jurisdiction. Any such motion must comply with the applicable federal, local, and individual rules of practice and include Plaintiff's proposed

Amended Complaint, as well as a redline comparing that pleading to Plaintiff's Complaint. Should Plaintiff fail to file a motion for leave to amend **within 21 days of the entry of this Memorandum Order**, this action will be dismissed for lack of subject matter jurisdiction without further advance notice and without prejudice to the pursuit of Plaintiff's claims in a court of competent jurisdiction.  This Memorandum Order resolves Docket Entry no. 22.

    SO ORDERED.

Dated: New York, New York
       January 22, 2024

                                                      /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge