**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOCUST GROUP, LLC, | Case No. 1:23-cv-04203-LTS |
| Plaintiff, | |
| -against- | |
| JMBT LIVE, INC., MICHAEL RUSSELL, and DOES 1 through 10, inclusive, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

1

## I.     INTRODUCTION

Defendants JMBT Live, Inc. and Michael Russell's (collectively "Defendants")

Opposition does not overcome Plaintiff Locust Group, LLC's ("Plaintiff") Motion for Leave to

File an Amended Complaint (the "Motion").  The law is clear—courts "should freely give leave

[to amend] when justice so requires."  The facts before this Court are simple:

1.      On January 22, 2024, in granting Defendants' Motion to Dismiss, this Court

determined that Plaintiff had not pled allegations sufficient to demonstrate an amount in

controversy satisfying federal diversity jurisdiction. ECF No. 27 at 3-4.  In doing so, the Court

instructed Plaintiff to file a motion for leave to amend its complaint, if any, on or before

February 12, 2024. ECF No. 27 at 5.

2.      On February 12, 2024, Plaintiff timely filed this Motion, proposing a First

Amended Complaint that addresses the Court's previous ruling and satisfies jurisdictional

amount-in-controversy requirements. ECF Nos. 29, 30-1, 30-2.

For the reasons detailed in Plaintiff's moving papers and this brief, this Court should

grant Plaintiff leave to file its proposed First Amended Complaint.  Plaintiff's request for leave

was timely, the proposed First Amended Complaint is not futile, it satisfies the Court's reason

for dismissal as to the original Complaint, and Defendants will not suffer any prejudice if leave

is granted.  Plaintiff's timely proposed First Amended Complaint is a good faith attempt to

address this Court's prior ruling, establishing subject matter jurisdiction and particularly pleading

its allegations to the best of its abilities based on information currently known to it.  Defendants'

arguments to the contrary are unavailing.

## II.    LEGAL STANDARD

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  In limited situations—none of which are present here—the

court can, but is not required to, deny leave to amend.  *State Teachers Retirement Board v.*

*Flour*, 645 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include

undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1963)).

### III.   ARGUMENT

This Court can, and should, grant this Motion.  *First*, Plaintiff's proposed First Amended Complaint is non-futile—it addresses this Court's concerns relating to subject matter jurisdiction and satisfies pleading requirements.  *Second*, Plaintiff's Motion is both timely and, if granted, would not cause prejudice to Defendants—Defendants do not argue otherwise.  *Third*, Defendants have not shown, and cannot show, any bad faith on behalf of Plaintiff justifying denial of this Motion.  Defendants themselves recognize that well-established judicial policy favors amendment.  *Fourth,* Defendants' challenges to the merits of Plaintiff's arguments are premature, as such arguments should be presented to this Court by an eventual noticed motion challenging the sufficiency of the First Amended Complaint. Accordingly, Plaintiff respectfully requests that this Court grant this Motion, consistent with this judicial policy.

Alternatively, should this Court determine that Plaintiff's proposed First Amended Complaint is deficient for reasons for which no ruling has been previously provided, Plaintiff respectfully requests that this Court provide Plaintiff further opportunity to cure any such identified defects. *See* ECF No. 27 at 5 ("There is a particularly strong preference for allowing amendment when 'the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading.'").

> #### A.   Plaintiff's Proposed First Amended Complaint Is Non-Futile and Addresses the Deficiencies Identified by This Court's January 22, 2024 Order

Pleadings "must be construed as to do justice."  Fed. R. Civ. P. 8(e).  A complaint "must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  *See*, *Iqbal*, *supra*, 556 U.S. at 678 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era.")  A complaint generally contains a "short and plain statement of [its] claim[s]," as required by Rule 8, if it provides "the defendant [with] fair notice of what…the claim is and the grounds upon which it

rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.

To determine whether an amendment is futile, a court can consider whether "the amended pleading would not survive a motion to dismiss." *Sentell v. RPM Mgmt. Co.,* 653 F. Supp. 2d 917, 919 (E.D. Ark. 2009) (citing *Owen v. Gen. Motor Corp.*, 533 F.3d 913, 921 (8th Cir. 2008)).  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S. 662, 678 (2009) (quoting *Twombly*, *supra*, 550 U.S. at 570).  In evaluating the sufficiency of a complaint, the court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party [Plaintiff]." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, *supra*, 556 U.S. at 679.  (2009) (quoting *Twombly*, *supra*, 550 U.S. at 570.)

Here, Plaintiff's proposed First Amended Complaint provides more than mere conclusory statements, sufficiently identifies the amount-in-controversy, and gives Defendants fair notice of what the claims are and the grounds upon which the claims rest.  Taking Plaintiff's allegations as true and construing them in a light most favorable to Plaintiff, Plaintiff's amendment to its original Complaint provides additional, non-speculative allegations that satisfy the amount-in-controversy requirement for subject matter jurisdiction.  In Paragraphs 17, 18, 24, 25, 27, and 32 of the proposed First Amended Complaint, Plaintiff alleges (1) that it suffered out-of-pocket damages, (2) that is lost money on its investment, (3) that it was enticed into action based on Defendants' misrepresentations, and (4) that it was materially harmed by Defendants' misrepresentations. *See* ECF No. 30-1 at ¶¶ 17, 18, 24, 25, 27, and 32.  Critically, Plaintiff has further clarified that, based on Defendants' pattern of misrepresentations, it loaned $560,000.00 to Defendants under the terms of the Promissory Note and, thereafter, converted this loan to 1,075,561 shares in JMBT Live, Inc. *See id.*  Given the specific factual information Plaintiff added, the allegations in the proposed First Amended Complaint satisfy the amount-in-

controversy pleading standards required to establish subject matter jurisdiction.

B.    **Plaintiff's Motion Was Timely, Made in Good Faith, and, If Granted, Would Not Prejudice Defendants**

On February 12, 2024, Plaintiff timely filed this Motion, proposing a First Amended Complaint that addresses the Court's previous ruling and satisfies federal diversity jurisdiction. *See* ECF Nos. 29, 30-1, 30-2.  Defendants do not argue that amendment will prejudice them— nor could they.  No trial date has been set and no scheduling order has been entered.  Discovery is not yet underway.  Moreover, as detailed above, Plaintiff's proposed First Amended Complaint cured any deficiencies identified by the Court in its January 22, 2024 ruling. Accordingly, no alternative basis of denial exists.

C.    **Alternatively, Should This Court Deem the Proposed First Amended Complaint Deficient, Plaintiff Requests Further Opportunity to Replead to Cure Any Additional Defects Identified by This Court**

On January 22, 2024, this Court heard Defendants' Motion to Dismiss Plaintiff's original Complaint. ECF No. 27 at 1-6.  Having reviewed and considered the briefing of the parties, the Court dismissed the original Complaint "for lack of subject matter jurisdiction" for failure to adequately plead the amount-in-controversy requirement only. *Ibid*. at 1.  Accordingly, Plaintiff was tasked with amending its original Complaint to sufficiently plead the amount-in-controversy requirement to establish subject matter jurisdiction in filing this Motion. *Ibid*. at 5 ("Plaintiff is granted leave to file a motion to amend, tendering a proposed amended complaint that fulfills the requirements of subject matter jurisdiction discussed above").  The Court's order did not address any of the other perceived issues or deficiencies Defendants have raised in connection with this Motion, including, *inter alia*, arguments concerning forum non conveniens and demand futility. *See* ECF No. 33 at 10-11.  Accordingly, such arguments are more appropriately addressed in a subsequent challenge to Plaintiff's proposed First Amended Complaint and not here in opposition to this Motion.

In any event, as this Court noted in its order, "[t]here is a particularly strong preference for allowing amendment when 'the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading.'" ECF No. 27 at 5 (quoting *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 473 F. Supp. 3d 361, 365 (S.D.N.Y. 2020); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies").  As a result, should this Court determine that Plaintiff's proposed First Amended Complaint is deficient for reasons for which no ruling has been previously provided, Plaintiff respectfully requests that this Court provide Plaintiff further opportunity to cure any such identified defects. *See, e.g., Esquibel v. Colgate-Palmolive Co.*, No. 23-CV-00742-LTS, 2023 WL 7412169 at \*4 (S.D.N.Y. Nov. 9, 2023) (granting leave to amend and holding that "[a]lthough Plaintiffs have already amended their complaint once following a prior round of briefing in which Defendants alerted Plaintiffs to the potential deficiencies in their argument for standing, Plaintiffs did not previously have the benefit of a Court ruling putting them on notice of these deficiencies").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for Leave to Amend.  Plaintiff has timely proposed a First Amended Complaint that satisfies amount-in-controversy requirements, is non-futile, and will not prejudice any party. Alternatively, should this Court determine that Plaintiff's proposed First Amended Complaint is deficient for reasons for which no ruling has been previously provided, Plaintiff respectfully requests that this Court provide Plaintiff further opportunity to cure any such identified defects.

Dated:  March 6, 2024                    Respectfully submitted,
        Los Angeles, California


By:   */s/ Paul A. Rigali*
      Paul A. Rigali

      **LARSON LLP**
      Hilary Potashner (NY Reg. No. 3009487)
      Paul A. Rigali (*admitted PHV*)
      Tyler J. Franklin (*admitted PHV*)
      555 South Flower Street, 30th Floor
      Los Angeles, California 90071
      Telephone:       (213) 436-4888
      Facsimile:       (213) 623-2000
      Email: *hpotashner.larsonllp.com;*
      *prigali@larsonllp.com; tfranklin@larsonllp.com*

      Attorneys for Plaintiff
      LOCUST GROUP, LLC,
      a Wyoming limited liability company