UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCUST GROUP, LLC,<br><br>                               Plaintiff,<br><br>             -against-<br><br>JMBT LIVE, INC., MICHAEL RUSSELL,<br>and DOES 1 through 10, inclusive.<br><br>                               Defendants. | 23-CV-04203-LTS |

MEMORANDUM ORDER

On January 22, 2024, this Court issued a Memorandum Order granting Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction and granting Plaintiff the opportunity to make a motion for leave to file an Amended Complaint. (Docket entry no. 27 (the "January Order").) Plaintiff timely filed its motion for leave to amend (docket entry no. 28), along with a proposed First Amended Complaint (docket entry no. 30-2 (the "PAC")), and memorandum of law (docket entry no. 29). Defendants have opposed the motion. (Docket entry no. 33 ("Def. Mem.").) The Court has considered the submissions of the parties carefully and, for the following reasons, Plaintiff's motion for leave to amend is denied.

DISCUSSION

The factual allegations underlying this case are set forth in the January Order, familiarity with which is presumed for the purposes of this motion. See Locust Grp., LLC v. JMBT Live, Inc., No. 23-CV-4203, 2024 WL 232493 (S.D.N.Y. Jan. 22, 2024).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). Subject to the discretion of the district court, leave to amend generally will be granted unless: (1) there is evidence of

undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Defendants argue that Plaintiff's proposed amended complaint is futile because it fails to satisfy the amount-in-controversy requirement and because it fails to allege specific facts that support a claim for fraud.

"An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion" such as a Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Oppedisano v. Zur, No. 20-CV-5395-VB, 2022 WL 4134436, at *2 (S.D.N.Y. Sept. 12, 2022) (citing Bandler v. Town of Woodstock, 832 F. App'x 733, 735-36 (2d Cir. 2020)).  "A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Marathon Ashland Petroleum LLC v. Equili Co., L.P., No. 00-CV-2935-JSM-KNF, 2002 WL 662900, at *5 (S.D.N.Y. Apr. 23, 2002).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Further, any allegations of fraud are subject to Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  If the proposed amended complaint would be subject to dismissal under Rule 12(b)(6), the Court should refuse to grant leave.  Bank of N.Y. v. Sasson, 786 F. Supp. 349, 352 (S.D.N.Y. 1992).

Fraud Claim

In the January Order, this Court dismissed the initial complaint because Plaintiff failed to plead facts sufficient to satisfy the amount in controversy requirement for diversity-based subject matter jurisdiction.  A party invoking federal jurisdiction has the burden of proving that it appears to a reasonable probability that the claim for relief exceeds the statutory jurisdictional amount.  See Scherer v. Equitable Life Assurance Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003) (recognizing a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy" (citation omitted)).  Plaintiff's PAC contains sufficient additional factual allegations regarding the amount in controversy to rectify the jurisdictional defect.

Although the proposed amendment cures the jurisdictional defect, the proposed amended complaint still fails, however, to meet the heightened pleading standard for fraud and would not survive a 12(b)(6) motion to dismiss for failure to state a claim for relief.  To plead a claim for fraud under New York law in federal court, a plaintiff must allege with particularity (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.  Pauwels v. Deloitte LLP, 83 F.4th 171, 189-90 (2d Cir. 2023).  The Second Circuit has routinely held that, for all fraud claims, the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996).  "Despite the generally rigid requirement that fraud be pleaded with particularity, allegations may be based on information and belief when facts are peculiarly within

the opposing party's knowledge." Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir. 1990) (citations omitted). However, even where pleading is permitted on information and belief, a complaint must contain specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard. Id. In order to give rise to a "strong inference of fraudulent intent," a plaintiff must plead either "facts to show that defendants had both motive and opportunity to commit fraud," or "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp., 84 F.3d 629, 634 (2d Cir. 1996).

Plaintiff alleges "on information and belief" that Defendants misrepresented the status of JMBT's contracts and negotiations with prospective content partners and talent agencies to Plaintiff and other shareholders in various emails sent to JMBT's shareholders and investors. (PAC ¶ 14.) Plaintiff's claim is wholly insufficient to meet even the relaxed pleading standards of Wexner. At the outset, Plaintiff fails to allege specific facts or statements that create a strong inference of fraud. To the extent that Plaintiff alleges that the emails contained material misrepresentations, Plaintiff's proposed amendment does not identify specific fraudulent statements within the emails and therefore fails to satisfy the particularization requirement of Federal Rule of Civil Procedure 9(b). Additionally, the PAC fails to allege facts showing that the Defendants made any of these statements with fraudulent intent, or even to proffer "circumstantial evidence of conscious misbehavior or recklessness." S.Q.K.F.C., Inc., 84 F.3d at 634.

Plaintiff also fails to allege facts showing that it reasonably relied upon any of Defendants' statements or that the statements were made to induce any action or forbearance from any action Locust Group would have otherwise taken. Each of the emails Plaintiff

identifies was sent <u>after</u> Plaintiff agreed to loan JMBT $560,000 and <u>after</u> Plaintiff had agreed to convert the loan to shares of stock under the Stock Purchase Agreement.  (See PAC ¶¶ 11-13; Def. Mem. at 5.)  Additionally, although the Court must accept all of Plaintiff's averments as true for the purposes of this motion, the Court may also consider facts contained in documents "attached to the complaint as exhibits," including the Convertible Note Purchase Agreement (the "CNPA") that Locust group signed.  <u>DiFolco v. MSNBC Cable LLC</u>, 622 F.3d 104, 111 (2d Cir. 2010).  The CNPA stated, in relevant part, "[e]ach Purchaser confirms that the Company has not given any guarantee or representation as to the potential success, return, effect or benefit" of Locust Group's investment and that Locust Group "is not relying on the advice or recommendations of the Company" in agreeing to invest.  (PAC, Ex. B ¶ 6.3; Def. Mem. at 6-7.)

Finally, to the extent that the PAC now alleges, "on information and belief," that "consistent with their pattern of misrepresentations," Defendants also must have misrepresented their ability to acquire contracts <u>before</u> Plaintiff invested in the project, Plaintiff again fails to identify any allegedly fraudulent statement with the required particularity.  (PAC ¶¶ 24-25). Plaintiff has access to the information needed to plead with particularity any allegedly fraudulent statements Plaintiff relied upon when deciding to invest in the Defendants' business.  This information is not "peculiarly in the defendant's knowledge;" in fact, Plaintiff is better positioned than anyone else to identify what allegedly false or misleading statements were made and how it relied upon them, and still failed to do so.  <u>Cf.</u> <u>Wexner</u>, 902 F.2d at 172.

For these reasons, the Court finds that Plaintiff's PAC fails to state a plausible fraud claim.  Therefore, Plaintiff's PAC would not survive a Rule 12 motion to dismiss and Plaintiff's motion to amend is denied as futile with respect to its fraud claim.

Breach of Fiduciary Duty Claim

Plaintiff also alleges a derivative breach of fiduciary duty claim. To the extent that a claim for breach of fiduciary duty is predicated on fraud, "allegations concerning the predicate acts of fraud must meet the particularity requirements of Federal Rule of Civil Procedure 9(b)." Meisel v. Grunberg, 651 F. Supp. 2d 98, 108 (S.D.N.Y. 2009). Plaintiff alleges that Mr. Russell breached his fiduciary duties by making material misrepresentations to JMBT's shareholders. (PAC ¶¶ 30-32.) Because the Court finds that Plaintiff's PAC fails to state a claim for fraud, the Court must also find the amendment futile with respect to Plaintiff's breach of fiduciary duty claim. As discussed previously, Plaintiff has not plead with any sort of particularity the misrepresentations that took place, and how they amounted to fraud. Consequently, Plaintiff has failed to allege that Defendants breached a fiduciary duty by making those representations. Therefore, Plaintiff's breach of fiduciary duty claim also fails and leave to amend the claim is denied for futility. See Wuhan Zhongxin Imp. & Exp. Co. v. Titan All. Imp. & Exp. Corp., No. 19-CV-5703, 2020 WL 13851305, at *4 (E.D.N.Y. Nov. 3, 2020) ("[T]he factual allegations underlying Plaintiff's fraud claim and breach of fiduciary duty claim are the same. . . . Therefore, for the reasons detailed in Section I above, Plaintiff fails to plead its breach of fiduciary duty claim with sufficient particularity and the claim must be dismissed.").

CONCLUSION

For the foregoing reasons, Plaintiffs motion for leave to amend the complaint is denied and the complaint is dismissed with prejudice.  This Memorandum Order resolves docket entry no. 28.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

    SO ORDERED.

Dated: New York, New York
       May 10, 2024

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge